# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

REGINALD SCOTT,            \*

                  \*

       Petitioner,     \*

                  \*

v.                   \*      CASE NO. 6:07-CV-23 (WLS)

                  \*          28 U.S.C. § 2254

STEVE UPTON,          \*

                  \*

       Respondent.   \*

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely and/or For Lack of Exhaustion. (R-13). Petitioner has filed his Response (R-20) to Respondent's Motion to Dismiss.

On May 10, 2001, Petitioner pled guilty to one count of armed robbery and was sentenced to twelve years in prison with eight years to be served on probation thereafter. (Resp. Ex. 1, 2). Petitioner did not appeal his conviction. On December 10, 2005, more than four years later, Petitioner filed a state habeas corpus petition wherein he challenged his armed robbery conviction. (Resp. Ex. 3). After an evidentiary hearing was conducted, the petition was denied on April 17, 2006. (Resp. Ex. 5). Petitioner then filed application for a certificate of probable cause to appeal, pursuant to O.C.G.A. § 9-14-52, in the Georgia Supreme Court, which is still pending. (Resp. Ex. 6). Petitioner filed his present § 2254 petition on March 21, 2007.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions in the federal courts. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year

from the "date on which the judgment becomes *final." Id.* at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Pursuant to O.C.G.A. § 5-6-38, the Petitioner had thirty days from the date of his conviction in which to file a notice of appeal. Petitioner Scott pled guilty and was sentenced on May 10, 2001, and thus, had until June 9, 2001, to file a notice of appeal. Having failed to file a direct appeal, the AEDPA one-year period of limitation, within which Petitioner Scott could have filed a federal application for *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, began to run on June 10, 1001, and expired on June 9, 2002. Petitioner's application for sentence review with the Superior Courts Sentence Review Panel has no effect on the limitations period as it was not an attack on his conviction, but merely the sentence he received.

The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's State Habeas action was filed too late to toll the

statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002).

As such, Petitioner's State habeas corpus action filed in the Superior Court of Chattooga County on December 10, 2005, did not toll the already expired AEDPA statute of limitations. Therefore, when Petitioner filed his current application on March 21, 2007, it failed to invoke the jurisdiction of this court.

As was also argued in Respondent's Motion to Dismiss, the record reflects that Petitioner's certificate of probable cause is currently still pending in the Georgia Supreme Court. Therefore, Petitioner has not exhausted his available state remedies and his petition should be dismissed for that reason as well.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 3rd day of August, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw